UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANTONIO GILMORE,

                                              Plaintiff,        Case # 24-CV-6045-FPG

v.                                                                 DECISION AND ORDER

FAMILY DOLLAR,

                                              Defendant.

## INTRODUCTION

*Pro se* Plaintiff Antonio Gilmore commenced this action in Monroe County Supreme Court, which Defendant timely removed to this Court on January 22, 2024.[1]  ECF No. 1. Defendant moved to dismiss the complaint. ECF No. 5.  Plaintiff did not respond.  As explained below, Defendant's motion is GRANTED and the complaint is dismissed without prejudice. Plaintiff may file an amended complaint no later than July 25, 2024.  Defendant's motion for a conference, ECF No. 7, is DENIED as moot in light of the parties' request for, and the Court's designation of, a mediator in this matter.  *See* ECF Nos. 9, 10.

## BACKGROUND

Plaintiff is an individual who resides in Rochester, New York.  ECF No. 1-2 at 1. Defendant Family Dollar is, through a chain of single-member limited liability companies, owned by Dollar Tree Stores, Inc., a Virginia corporation with its principal place of business in Virginia. ECF No. 1 ¶¶ 7– 10.

---

[1] This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).  Removal was proper and timely under 28 U.S.C. §§ 1441, 1446.

1

The factual allegations set out in Plaintiff's complaint are sparse.[2] It appears that this action arises out of a slip and fall that occurred in one of Defendant's stores on West Main Street in the City of Rochester. *See* ECF No. 1-2 at 2. Plaintiff alleges that he lost a child because of that slip and fall. *Id.* Plaintiff seeks damages for pain and suffering and mental anguish in the amount of $2.5 million. *Id.* According to Plaintiff, Defendant has settled with the mother of the child. *Id.*

## LEGAL STANDARD

To succeed on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the defendant must show that the complaint contains insufficient facts to state a claim for relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A complaint is plausible when the plaintiff pleads sufficient facts that allow the Court to draw reasonable inferences that the defendant is liable for the alleged conduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility "is not akin to a probability requirement." *Id.* Instead, plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted). A pleading that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions,

---

[2] The facts are drawn from Plaintiff's complaint, as filed in Monroe County Supreme Court, ECF No. 1-2.

deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (quotation marks omitted).

## DISCUSSION

Plaintiff does not specifically identify the claims he brings, instead stating only that he seeks damages for pain and suffering and mental anguish resulting from the loss of his child after a slip and fall at one of Defendant's stores. Defendant casts Plaintiff's claim as one for emotional distress under New York law. As explained below, Plaintiff has failed to plausibly state a claim. The Court therefore grants Defendant's motion to dismiss.

Courts applying New York law have identified three theories that permit a plaintiff to establish a claim for negligent infliction of emotional distress under New York law: "(i) the bystander theory, (ii) the 'zone of danger' theory, [and] (iii) the direct duty theory."[3] *Doe v. Doe*, No. 16 Civ. 332, 2017 WL 3025885, at *8 (S.D.N.Y. July 14, 2017) (citing *Kennedy v. McKesson Co.*, 58 N.Y.2d 500, 504 (1983); *Taggart v. Constabile*, 131 A.D.3d 243, 252 (2d Dep't 2015)).

A plaintiff may recover for emotional injuries resulting from a defendant's negligence under the bystander theory if "(a) [he] witnessed the death or serious injury of a family member due to the defendant's actions, and (b) the defendant's actions also threatened [him] with physical injury." *Id.* (citing *Bovsun v. Sanperi*, 61 N.Y.2d 219, 230–31 (1984)). Under the zone of danger theory, a plaintiff's claim would "arise out of similar facts, where [the] defendant's actions posed an actual risk to [the] plaintiff's physical safety, or caused [him] to fear for his . . . own physical safety." *Id.* (citing *Taggart*, 131 A.D.3d at 252). Under the direct duty theory, a plaintiff may

---

[3] The Court agrees with Defendant that New York law applies under New York's choice of law rules. *See Kinsey v. N.Y. Times Co.*, 991 F.3d 171, 176–77 (2d Cir. 2021) (noting that when conduct-regulating rules conflict, New York law usually applies the traditional law of the place of the tort); *El-Hanafi v. United States*, 40 F. Supp. 3d 358, 365–66 (S.D.N.Y. 2014) (identifying conflict between New York law, which does not require a physical injury for negligent infliction of emotional distress, and Virginia law, which does); *see also Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 138 (2000) (affirming dismissal of negligent infliction of emotional distress claim where the plaintiff failed to plead with specificity that she incurred a physical injury resulting from the defendants' alleged negligence).

recover for emotional injuries "caused by a defendant's breach of a duty owed to [him]." *Id.* (citing *Kennedy*, 58 N.Y.2d at 504); *see also Ornstein v. N.Y. City Health & Hosps. Corp.*, 10 N.Y.3d 1, 6 (2008) (a plaintiff may recover for emotional distress where the defendant owed a duty to plaintiff and breached that duty, resulting directly in emotional harm, even if he did not suffer a physical injury).

Here, Plaintiff's complaint fails to state a claim under the bystander, zone of danger, or direct duty theory. To begin, he does not allege that he witnessed the death or serious injury of either his child or the child's mother. *See Doe*, 2017 WL 3025885, at *8. He also fails to allege that defendant's conduct either posed an actual risk to him or caused him to fear for his physical safety. *Id.* Specifically, he does not say what caused the alleged slip and fall or that whatever caused the slip and fall also posed a risk to his own safety. In fact, he does not even allege that he was at the store when the slip and fall occurred. He has therefore failed to state claim under the bystander theory. His claim fails under the zone of danger theory for the same reasons. *Doe*, 2017 WL 3025885, at *8. Finally, as to the direct duty theory, Plaintiff has failed to identify the duty Defendant allegedly owed him and how it breached that duty. *See Kennedy*, 58 N.Y.2d at 504; *Doe*, 2017 WL 3025885, at *8. Plaintiff has therefore failed to state a claim for negligent infliction of emotional distress under New York law.

Because Plaintiff is proceeding *pro se*, the Court must read his complaint liberally and interpret it to raise the strongest arguments it suggests. *See Fulton v. Goord*, 591 F.3d 27, 43 (2d Cir. 2009). The Court has therefore also considered whether Plaintiff has stated a wrongful death claim. To recover for wrongful death under New York law, a plaintiff must show, among other things, that he suffered "pecuniary loss by reason of the decedent's death." *Matthias v. United States*, 475 F. Supp. 3d 125, 143 (E.D.N.Y. 2020). A plaintiff may not recover for the "intangibles,

such as mental anguish and grief." *Nat'l Cont'l Ins. Co. v. Abdymadiyeva*, 387 F. Supp. 3d 245, 249 (E.D.N.Y. 2017) (citing N.Y. Est. Powers & Trusts Law § 5-4.3). Plaintiff has failed to allege a pecuniary loss, claiming only pain and suffering and mental anguish. Because such damages are unrecoverable under New York law, Plaintiff has failed to state a wrongful death claim.

As pled, Plaintiff's complaint does not state a claim upon which relief can be granted. However, the Court will allow Plaintiff to amend his complaint to cure the deficiencies identified above. Under Federal Rule of Civil Procedure 15, "the court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). As the Second Circuit has explained, "the 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the merits.'" *Lorely Financing (Jersey) No. 3 Ltd. v. Wells Fargo Secs.*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212-13 (2d Cir. 2011)). However, a court need not grant leave where the proposed amendments would be futile because they would "fail to cure deficiencies or state a claim under Rule 12(b)(6)." *Thea v. Kleinhandler*, 807 F.3d 492, 496–97 (2d Cir. 2015). Given the limited factual allegations in Plaintiff's complaint, the Court cannot say that an amendment would be futile. The Court will therefore give Plaintiff an opportunity to amend his complaint to plead facts, if they exist, that would state a claim for negligent infliction of emotional distress under New York law.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss, ECF No. 5, and DENIES as moot Defendant's motion for a conference, ECF No. 7. Plaintiff's complaint, ECF No. 1-2, is dismissed without prejudice to filing an amended complaint. If Plaintiff wishes to file an amended complaint, he must do so no later than July 25, 2024.

The Court advises Plaintiff that an amended complaint is intended to completely replace the original complaint. An amended complaint must therefore include all of Plaintiff's allegations against Defendant, "so that the amended complaint may stand alone as the sole complaint in this action." *Fowler v. Hannibal Cent. Sch.*, No. 23-CV-6509, 2023 WL 6259164, at *4 (W.D.N.Y. Sept. 26, 2023).

Defendant shall answer, move, or otherwise respond to the amended complaint, if any, no later than August 15, 2024.

IT IS SO ORDERED.

Dated: June 25, 2024
      Rochester, New York

                                                  HON. FRANK P. GERACI, JR.
                                                  United States District Judge
                                                  Western District of New York